UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ELPMEX TDC, CORP., | § |
| *Plaintiff,* | § § § |
| | §   EP-16-CV-00106-DCG |
| v. | § § |
| MICHAEL KADOW, | § § |
| *Defendant.* | § § |

**MEMORANDUM OPINION AND ORDER**

Presently before the Court is Plaintiff ELPMEX TDC, CORP.'s ("Plaintiff") "Motion for Substitution of Service Pursuant to Fed. R. Civ. P. 4(e)(1) & (2)" ("Motion") (ECF No. 8), filed on August 5, 2016. Plaintiff, on March 30, 2016, brought this lawsuit against Defendant Michael Kadow ("Defendant"), alleging breach of contract, among other causes of action. More than 90 days later, Plaintiff unsuccessfully attempted service on Defendant at his last known address in California, which is listed in its Complaint. Thereafter, Plaintiff learned that Defendant resides at an address in Washington. By its Motion accompanied by an affidavit by Plaintiff's counsel Gabe Perez, *see* Mot., Ex. C [hereinafter "Perez Aff."], and by the way of Federal Rule of Civil Procedure 4(e)(1) and Texas Rule of Civil Procedure 106(b), Plaintiff requests the Court to authorize substitute service at the address in Washington, Mot. at 2–3.

For the reasons that follow, the Court **DENIES** Plaintiff's Motion. As detailed below, the Court *sua sponte* **GRANTS** additional time so that Plaintiff may effectuate proper service and file proof of service with the Court.

## I. APPLICABLE LAW

Federal Rule of Civil Procedure 4(e)(1) provides, in pertinent part, for service of process on a defendant residing within a judicial district by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located," as here, Texas. Fed. R. Civ. P. 4(e)(1). "Texas law prefers personal service over substitute service," because of its greater reliability. *Taylor v. State*, 293 S.W.3d 913, 915–16 (Tex. App.—Austin 2009, no pet.) (citations and quotation marks omitted); *see also In re E.R.*, 385 S.W.3d 552, 564 (Tex. 2012) ("We have said that if personal service can be effected by the exercise of reasonable diligence, substituted service is not to be resorted to." (quoting *Sgitcovich v. Sgitcovich*, 241 S.W.2d 142, 147 (Tex. 1951)) (brackets and quotation marks omitted))).

Texas Rule of Civil Procedure 106 authorizes service by personal delivery or by registered or certified mail, return receipt requested. Tex. R. Civ. P. 106(a)(1)–(2). Only after service by one of those two methods fails, may a court authorize, upon a motion supported by proper affidavit, substitute service by leaving a copy of the service documents with anyone over sixteen years of age or in any other manner deemed to be reasonably effective to give the defendant notice. *Id.* 106(b)(1)–(2); *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 298–99 (Tex. 1993); *Wilson v. Dunn*, 800 S.W.2d 833, 834 (Tex. 1990).

Further, the court may authorize substitute service only if the supporting affidavit strictly complies with the requirements of Rule 106(b). *Wilson*, 800 S.W.2d at 836; *see also Amato v. Hernandez*, 981 S.W.2d 947, 949 (Tex. App.—Houston [1st Dist.] 1998, no pet.) ("'Strict compliance' means literal compliance with the rules governing issuance, service, and return of citation."). As stated in the Rule, the affidavit must:

> stat[e] the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stat[e]

specifically the facts showing that service has been attempted under either (a)(1) [personal delivery] or (a)(2) [registered or certified mail] at the location named in such affidavit but has not been successful.

Tex. R. Civ. P. 106(b).

## II. DISCUSSION

By its motion, Plaintiff requests the Court to enter an order substituting service:

> by leaving a copy of the summons along with a copy of the *Complaint* attached at Defendant's usual place of abode located at 17608 NE 130th Ave., Battle Ground, WA 98604, by attaching a copy of the *Summons* and *Complaint* securely to the front door of Defendant's usual place of abode, or by leaving it with someone 21 years of age or older, and by mailing it regular mail to debtor, or in any other manner which will be reasonably effective to give Defendant notice of the suit.

Mot. at 2–3.

As an initial matter, Plaintiff states that its Motion is pursuant to Subsections (e)(1) *and* (e)(2) of Federal Rule of Civil Procedure 4. *See* Mot. at 1. Whereas Subsection (e)(1) incorporates state methods of service, Subsection (e)(2) provides federal methods of service. For example, the latter subsection allows for serving an individual in a judicial district by "leaving a copy of [the summons and of the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). However, a plaintiff may serve a defendant pursuant to Subsection (e)(2) as a matter of right and therefore does not require leave of court. *See* 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1096 (4th ed.) ("Contrary to the practice in some states, this method of service [pursuant to Subsection (e)(2)] is entirely optional, and the plaintiff need not show an inability to obtain service by personal delivery to the defendant before employing it."). Accordingly, the Court denies as moot Plaintiff's request for service, if any, pursuant to Subsection (e)(2).

Turning to the affidavit submitted with Plaintiff's Motion, the Court finds that it does not specifically state facts showing that service has been attempted at the location named therein under either (a)(1) or (a)(2) of Texas Rule of Civil Procedure 106 and therefore, is deficient. The affidavit indicates that on July 18, 2016, service was unsuccessfully attempted at Defendant's "last known address located at 1199 Temple Hills Drive, Laguna Beach, CA 92651" (the "California Address"), but that the residence at that address belonged to a third party. *See* Perez Aff. at 1. On July 27, 2016, the affiant learned that Defendant resides at 17608 NE 130th Ave, Battle Ground, WA 98604 (the "Washington Address"). *See* Perez Aff. at 2; Mot., Ex. B. The affidavit states that the Washington Address is Defendant's usual place of abode. Perez Aff. at 2. Plaintiff now seeks to effectuate substitute service at that address. Mot. at 2–3. However, the affidavit fails to state, and it does not appear to the Court, that Plaintiff has attempted service at the Washington Address. *See Luby v. Wood*, No. 03-12-00179-CV, 2014 WL 1365736, at *2 (Tex. App.—Austin Apr. 2, 2014, no pet.) (Rule 106(b) requires an affidavit "stating the location of the defendant's . . . usual place of abode . . . and stating specifically the facts showing that service [by personal delivery, or registered or certified mail, return receipt requested] has been unsuccessfully attempted at *that location*." (internal quotation marks omitted) (emphasis added)).

Consequently, the affidavit does not strictly comply with the requirements of Texas Rule of Civil Procedure 106(b), and therefore, the Court denies Plaintiff's request for substitute service. *See Hunt v. Yepez*, No. 03-04-00244-CV, 2005 WL 2043897, at *2 (Tex. App.—Austin Aug. 24, 2005, no pet.) (holding affidavit did not comply with Rule 106(b)'s requirements because "[t]he affidavit nowhere stated that any of the addresses at which service was attempted were [defendant's] 'usual place of business' or 'usual abode'"); *Deleon v. Fair*, No. 04-06-00644-CV, 2007 WL 2042763, at *2 (Tex. App.—San Antonio July 18, 2007. no pet.) (holding

same, where affidavits stated that plaintiff had attempted to serve defendant "at his last known address" but did not "state[] that service was attempted at [defendant]'s usual place of business or abode or a place where [defendant] could probably be found"); *Morrisett v. Key Energy Servs., Inc.*, No. 13-06-214-CV, 2007 WL 2012876, at *1–2 (Tex. App.—Corpus Christi July 12, 2007, no pet.) (holding same, where the motion stated that "Defendant . . . has left the State of Texas, and has moved to [a new address in Oklahoma]" and no facts in the record showed that service was attempted on the defendant at the address listed in the motion) *Farrar v. Fed. Credit Corp.*, No. 4:10-CV-952-A, 2011 WL 2185726, at *2 (N.D. Tex. June 3, 2011) (holding same, where "the affidavits do not state that either of the locations where plaintiff has attempted service is [defendant]'s usual place of business").

Finally, in view of Plaintiff's Motion, though deficient, the Court *sua sponte* allows an additional 21 days from the date of this Opinion, so that Plaintiff may effectuate proper service on Defendant consistent with Federal Rule of Civil Procedure 4(e) and any applicable state law. Federal Rule of Procedure 4(m) provides that a plaintiff has 90 days from the filing of his or her complaint in which to effectuate proper service. *See* Fed. R. Civ. P. 4(m). If service is not made on a defendant within 90 days, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* This Court previously ordered Plaintiff to show cause as to why it failed to timely serve Defendant, *see* Order to Show Cause, ECF No. 3, and subsequently granted Plaintiff's request to effectuate service within a reasonable time, which the Court deemed as July 25, 2016, *see* Order, ECF No. 5. While the Court grants additional time for service at this time, it **CAUTIONS** that it may not entertain any further requests for extension of time.

## III. CONCLUSION

For the foregoing reasons, the Court enters the following orders:

**IT IS HEREBY ORDERED** that Plaintiff ELPMEX TDC, CORP.'s "Motion for Substitute of Service Pursuant to Fed. R. Civ. P. 4(e)(1) & (2)" (ECF No. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff **SHALL FILE** proof of service within 21 days of the entry of this Memorandum Opinion and Order. Failure to do so may result in dismissal of all claims against Defendant Michael Kadow.

So ORDERED and SIGNED this 30th day of September 2016.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE